

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00425-CR
_____

ROSHAUDE WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No 2
Lubbock County, Texas
Trial Court No. 2013-474,538, Honorable Drue Farmer, Presiding

June 13, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Roshaude Williams pled guilty to possessing marijuana and was given deferred adjudication for nine months. On appeal, he contends the trial court erred in denying his motion to suppress because the officers lacked reasonable suspicion to initially detain him or continue his detention. He further contends that suppression was required because the officer's decision to place him in handcuffs constituted an arrest without probable cause. We affirm.

The detention arose from a domestic disturbance call at a local motel. Dispatch reported the circumstance to which two patrol cars responded. The first officer to arrive was Officer Mendoza, who appeared about three to four minutes before Officer Ashmore. There occurred a detention of appellant during which the officers investigated the complaint and the location of the complainant's car keys. That investigation resulted in an officer requesting consent to search appellant's pockets. Appellant's initial responses to the requests to search were ambivalent; nonetheless, he eventually granted the same unequivocally. Before the search began, Officer Ashmore asked if appellant was carrying something that he should not be. Appellant responded by saying "weed." That response led to appellant's arrest.

*Initial Detention*

Appellant first attacks his initial detention at the motel and contends that there existed no reasonable suspicion to warrant it, especially because Officer Mendoza did not testify. We overrule the issue.

No one disputes that the complainant phoned 911 about a verbal argument she was having with her boyfriend (that is, appellant), that the complainant identified herself, that the disturbance allegedly occurred at the motel in which the complainant was staying, that the complainant wanted her boyfriend to leave, that a police dispatcher broadcasted information about the alleged disturbance, that one officer arrived at the scene followed within minutes by another, that the local police department maintained a protocol requiring two officers to respond to domestic disturbance calls, that appellant and the complainant were found at the location to which the officers were dispatched, that appellant was detained initially by Mendoza and later by Ashmore while the

2

complaint was being investigated, that the complainant accused appellant of taking her keys, that Ashmore asked for consent to search appellant's pockets after he denied having the keys, that appellant eventually consented to the search, that appellant was asked if he had anything in his pocket that he should not have, and that appellant answered by saying "weed."

That an officer may rely on a dispatcher's knowledge when assessing whether reasonable suspicion exists warranting an investigation and detention is beyond gainsay. *Argullez v. State*, 409 S.W.3d 657, 663 (Tex. Crim. App. 2013) (noting that a police dispatcher is regarded as a cooperating officer whose information may be used to establish reasonable suspicion). The same is true of the utterance by the complainant. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011) (recognizing that information provided by a citizen-informant who identified herself to the dispatcher may be regarded as reliable).

Here, the complainant's phone call to 911, her description of what was occurring coupled with the dispatch, and the discovery of both the complainant and appellant in proximity of each other at the motel were articulable facts sufficient to create reasonable suspicion of an unordinary circumstance warranting investigation by the officers and the temporary detention of those involved until the investigation's completion. *See Miller v. State,* 393 S.W.3d 255, 265 (Tex. Crim. App. 2012) (stating that officers are within their authority to complete an investigation involving domestic violence); *see also Derichsweiler v. State,* 348 S.W.3d at 916 (stating that reasonable suspicion arises when articulable facts show the occurrence of unordinary or unusual activity related to crime and connect the detained individual to that activity). That Mendoza did not testify

did not require the trial court to conclude otherwise. The timing of the dispatch, the arrival of Mendoza at the scene minutes before Ashmore, and the testimony about it being protocol for two officers to respond if the offending party was still present at the scene provided sufficient basis from which the fact finder could reasonably infer that Mendoza heard and acted upon the dispatch.

*Continued Detention*

Next, appellant contends that the officers lacked reasonable suspicion to continue their detention of appellant once they saw that no assault had occurred. We overrule the point.

While an assault may not have occurred or be in the process of occurring, the complainant also accused appellant of taking her keys. Exercising control over property belonging to another in disregard of and contrary to that person's consent is activity related to crime, *i.e.,* theft. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013) (defining the elements of theft). Neither have we been cited to nor have we found authority saying that a crime must be heinous before it can be the foundation for reasonable suspicion. It may be nothing more than a slight misdemeanor.

Nor were the officers obligated to end their investigation when appellant denied having the keys. While the complainant may have contradicted herself in accusing appellant of having her keys, the officers were not obligated to simply disregard her accusations and believe appellant. They were entitled to conduct an investigation, reasonable under the circumstances before them. And, because appellant was properly detained, the officers were free to propound questions to and seek consent to search from appellant. *Robledo v. State*, 175 S.W.3d 508, 510 (Tex. App.—Amarillo 2005, no

4

pet.).  And, upon appellant admitting his possession of "weed," the officers acquired probable cause to arrest him.

*Arrested Upon Handcuffing*

Finally, appellant contends that he was arrested upon being handcuffed by Mendoza before the arrival of Ashmore.  We overrule the issue.

First, appellant is mistaken if he suggests that merely handcuffing someone *ipso facto* constitutes an arrest.  *Balentine v. State*, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002) (stating that handcuffing and placing someone in a patrol car does not necessarily constitute an arrest).  Second, and more importantly, Officer Ashmore arrived within minutes of Officer Mendoza's appearance.  The former saw no handcuffs upon appellant, and the trial court was free to discredit what appellant said about being so cuffed.  *See Rayford v.* State, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003) (stating that the trial court is the sole judge of the credibility of the witnesses at a suppression hearing).  Indeed, the trial court entered findings indicating that it considered appellant's testimony unbelievable.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.